# WASHINGTON.

TRISTAM D. BABCOCK, Executor, Appellant, *vs.* THE COURT OF PROBATE OF HOPKINTON.

Pub. Stat. R. I. cap. 185, § 4, confers no authority upon probate courts to make an allowance of money to the widow out of the estate of her deceased husband.

The practical construction of Pub. Stat. R. I. cap. 190, § 6, by probate courts has been for many years that the statute gives to such courts jurisdiction to make a reasonable allowance for the support of the family of a deceased person after his decease for a term not exceeding six months, upon the petition of the widow of the deceased, and does not restrict it merely to an allowance of expenses actually incurred by executors or administrators for the support of the family in settling their accounts.

While the better practice is for probate courts to give notice to all parties in in-

---

terest before acting upon a petition for an allowance, there is no statute which requires any notice to be given; and in the case at bar, the allowance not being improper or excessive, it will not be set aside because no notice was given on the petition.

APPEAL from the decree of the Court of Probate of Hopkinton.

This was a petition by the widow of James R. Irish for an allowance to her for the support of the family of her deceased husband, for the six months next after his decease.

*Providence, April* 19, 1894.    PER CURIAM.    This is an appeal from the decree of the Court of Probate of Hopkinton allowing to a widow $125 for her support for six months next succeeding the death of her husband.

We do not think on the evidence submitted that the allowance was improper or excessive.    The only question, therefore, is whether the court had jurisdiction to make it.    The decree purports to have been made under the provisions of Pub. Stat. R. I. cap. 185, § 4, and cap. 190, § 6.

We do not think the former section affords any basis for the allowance.    It provides that "The widow of any deceased person shall, in all cases, be entitled to her apparel and to that of her children and to such bedding and other household goods, supplies on hand and such other property of the husband as is exempt from attachment by law, as the court of probate shall judge necessary, according to her situation and the circumstances of the estate, and such part of the personal estate as the court shall allow to the widow shall not be assets, although inventoried in the hands of the executor or administrator."    It will be observed that this statute limits the allowance to apparel, bedding and other household goods and supplies on hand, and property exempt from attachment by law.    It does not extend to the allowance of money.

The latter section provides that "In the settlement of the accounts of executors and administrators the court of probate shall make reasonable allowance for the support of the family of the deceased, after his decease, until the same can otherwise be provided for, having due regard to the situation of the family and the value and circumstances of the estate;

such allowance to be made for a term not exceeding six months."

The appellant contends that this section refers only to the reasonable discretion of courts of probate in allowing the expenses *incurred by executors and administrators* in aiding the families of their testators or intestates during the first six months after the decease of the head of the household, or, in other words, that the sums needed for the support of the family of the deceased during the period specified are to be first paid out by the executor or administrator, and that the jurisdiction of the Court of Probate is confined to the allowance of the expenses. so incurred in the settlement of the account of the executor or administrator. This contention would appear to be in accordance with the literal, and we may add, the natural construction of the section. A different construction, however, was early put on the statute, under which the practice objected to by the appellant has grown up, has prevailed for many years and is now too firmly established to be overturned. We presume that the construction and practice originated in this manner : an executor or administrator, before expending money or incurring expense for the support of the family of the deceased, would naturally wish to know in advance whether the Court of Probate would deem the expenditure reasonable and, therefore, proper to be allowed in the settlement of his accounts. In such case, he would make an application to the court to decree what amount would be a reasonable and proper sum for him to expend. The court seeing that it had authority to allow what was reasonable in the settlement of the account might not unreasonably conclude that it had power to determine in advance what was a reasonable and proper allowance and to make its decree accordingly. This practice having been established, it was merely an extension of it for the court to determine the amount of the allowance on the application of the widow, perhaps at first with the concurrence of the executor or administrator and later without such concurrence and even contrary to his will.

The appellant contends that the decree was unfairly ob-

tained and improperly granted because no notice to the executor of the pendency of the petition for allowance was given. We are aware of no statutory provision requiring notice, but it is of course the better practice for a Court of Probate to give notice on such application to all persons interested. As, however, we do not deem the allowance in the present instance improper or excessive, we see no occasion to set it aside because notice was not given on the petition.

The decree appealed from is confirmed.

*Nathan B. Lewis*, for appellant.

*Charles Perrin*, for appellee.